JOHN J. SNELL, RESPONDENT, v. ROCHESTER RAILWAY COMPANY, APPELLANT.

*Negligence — of a street railroad — liability for a defect not in the repair, but in the construction of a street as formed by the city — Laws of 1884, chap. 252, sec. 9.*

In an action against a street railway company, to recover for injuries sustained by a horse which slipped into a depression between its tracks, which by statute the company was bound to have and keep in permanent repair, it appeared from a stipulation of the parties that a surface drain, the grate over its opening and the depression in question, were constructed by the city several years before the accident, and had ever since remained in substantially the same condition as when first built.

*Held*, that as the defect did not consist in the want of repair, but was one of original construction for which the city alone was responsible, and which the company was not at liberty to alter, the company was not liable for the accident caused thereby.

APPEAL by the defendant, the Rochester Railway Company, from a judgment of the Monroe County Court, entered in the clerk's office of said county on the 31st day of December, 1891, affirming a judgment of the Municipal Court of the city of Rochester, rendered February 17, 1891, in favor of the plaintiff for $112.09 damages and for costs.

*F. W. Smith,* for the appellant.

*H. J. Sullivan,* for the respondent.

DWIGHT, P. J.:

The action was to recover for injuries to a horse, the result of a fall caused by his stepping into a depression in the pavement of North St. Paul street in Rochester, between the rails of one of the tracks of the defendant's road. At the bottom of the depression there was the grated opening of a lateral drain leading to a sewer, and the whole arrangement was for the purpose of receiving and carrying off the surface water from a low place in the street. After the trial the parties entered into a stipulation, which was incorporated into the return on appeal of the Municipal Court to the County Court, as follows : " It is hereby stipulated that the evidence given upon the trial of the above-entitled action established the fact that the surface drain, the grate over the opening of the same and the depression between the rails of the street car tracks, * * * where the accident herein complained of occurred, were constructed by the city of Rochester several years before the accident occurred, and that said drain, grate and depression have remained in substantially the same condition from the time they were constructed down to June 20, 1890," which was the date of the accident.

We regard this stipulation as fatal to the plaintiff's cause of action against the defendant, and, consequently, to the judgment from which this appeal is taken. By that stipulation it conclusively appears that the defect in the street complained of was not the result of the use of the street by the defendant, nor of any act on its part, nor of the omission of any duty which it owed to the public. It was a defect not of repair but of construction, for which the city alone was responsible, and which it was neither the duty nor the privilege of the defendant to remedy. The duty laid upon the

defendant by the statute, in such case made and provided, was " to have and keep" the space between and beside its rails and tracks " in permanent *repair*." (Laws of 1884, chap. 252, § 9.) It had no authority to change the location or dimensions of the opening of the drain nor the depth or slope of the sides of the depression connected with such opening, all of which had been determined upon by the proper authorities of the city, and constructed by the city itself in accordance with such determination. As we have said, the defendant not only owed no duty to the public to improve the construction of the street determined upon and carried out by the city, but it had no authority to do so, even for its own benefit; and the evidence in the case discloses the fact that the defendant and its predecessor in the franchise had always been subjected to considerable inconvenience by reason of the faulty construction in question, which they had no authority in themselves to remedy. None of the cases cited by counsel for the plaintiff seem to us to support their contention, nor do we see how it can be supported on principle, in view of the facts established by the stipulation found in the case.

The judgment of the County Court and of the Municipal Court of Rochester should be reversed.

MACOMBER and LEWIS, JJ., concurred.

Judgment of the County Court of Monroe county and of the Municipal Court of the city of Rochester reversed, with costs in this court and in the County Court.